**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

EDWARD CHEVALIER,

        Plaintiff,

v.

INA TRUCKING, LLC, BILLY RAY CHANDLER and CANAL INSURANCE COMPANY,

        Defendants.

1:18-cv-851-WSD

**OPINION AND ORDER**

On January 17, 2018, Plaintiff Edward Chevalier ("Plaintiff") filed a Complaint against INA Trucking, LLC, Billy Ray Chandler, and Canal Insurance Company (collectively, "Defendants"), in the State Court of Clayton County, Georgia, asserting claims for negligence and requesting an award of damages.

On February 26, 2018, Defendants removed the Clayton County action to the Court based on diversity of citizenship. (Notice of Removal [1]).

Defendants' Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500,

501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or

has it principal office. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Notice of Removal does not adequately allege Plaintiff's citizenship or the citizenship of Defendant Chandler. It states only that Plaintiff is "a resident of the State of Missouri" ([1] ¶ 4) and Chandler is "a resident of the State of Alabama." ([1] ¶ 5). To show citizenship, however, "[r]esidence alone is not enough." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Notice of Removal also does not adequately allege the citizenship of Defendant INA Trucking, LLC ("INA"). It states only that INA is "a foreign corporation with its principal place of business located in Alabama." ([1] ¶ 6). This allegation is insufficient. Defendant is required to allege the identity of all of the LLC's members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction. See Rolling Greens, 374 F.3d at 1022.

Defendants are required to file an amended notice of removal stating: (1) the citizenship of Plaintiff Edward Chevalier; (2) the citizenship of Defendant Billy Ray Chandler; and (3) the identities of INA members and their respective citizenships.[1] The Court notes that it is required to dismiss or remand this action unless Defendants provide the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant must file an Amended Notice of Removal on or before March 30, 2018, that provides the information required by this Order.

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

**SO ORDERED** this 21st day of March 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE